# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**KALVIN RAY GARNER (#169614)**                    **CIVIL ACTION NO**

**VERSUS**                                                                 **20-658-SDD-SDJ**

**LIVINGSTON PARISH DETENTION CENTER**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 12, 2021.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**KALVIN RAY GARNER (#169614)**                     **CIVIL ACTION NO**

**VERSUS**                                                            **20-658-SDD-SDJ**

**LIVINGSTON PARISH DETENTION
CENTER**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Complaint, as amended, of Kalvin Ray Garner, who is representing himself and is confined at the Livingston Parish Detention Center in Livingston, Louisiana.[1] Based on the screening process for such complaints, it is recommended that Plaintiff's claims be dismissed with prejudice as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

### I.   Background

Plaintiff instituted this action pursuant to 42 U.S.C. § 1983 against the Livingston Parish Detention Center ("Defendant"), alleging violations of his Eighth and Fourteenth Amendment rights.[2]  Plaintiff seeks monetary relief.[3]

### II.   Law & Analysis

#### a.   Standard of Review

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim against a governmental entity or an officer or employee of a governmental entity that is frivolous, malicious, or fails to state a claim upon which relief may be granted.  The statutes impose

---

[1] R. Docs. 1 & 4.
[2] R. Doc. 4, p. 5.
[3] R. Doc. 4, p. 4.

1

similar standards for dismissal.[4] Both statutes are intended to afford the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact.

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[5] A claim has no arguable basis in law if it is based upon a meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[6] The law gives judges not only the authority to dismiss a claim that is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations.[7] Pleaded facts that are merely improbable or strange, however, are not frivolous for purposes of § 1915.[8]

To determine whether the complaint fails to state a claim under § 1915(e)(2)(B)(ii), courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[9] Accordingly, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[10] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[11] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[12]

Dismissal may be made at any time, before or after service of process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is

---

[4] Plaintiff was granted permission to proceed *in forma pauperis* on January 15, 2021 (R. Doc. 5) so both statutes apply.
[5] *Denton v. Hernandez*, 504 U.S. 25, 33-33 (1992), (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).
[6] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[7] *Denton,* 504 U.S. at 32.
[8] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[9] *Hart v. Harrison*, 343 F.3d 762, 763-64 (5th Cir. 2003).
[10] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[12] *Id.*

frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.[13]

### b. The Livingston Parish Detention Center is Not a Proper Defendant

Plaintiff has named the Livingston Parish Detention Center as the sole Defendant.[14] Section 1983 creates a cause of action against "[e]very *person* who, under color of any [state law] ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution."[15]  Only a "person" may be sued for violation of an inmate's constitutional rights.[16] A state is not a "person" within the meaning of § 1983.[17]  Similarly, "a prison or jail or its administrative departments are not entities that can be sued under Section 1983 because they are not juridical entities under state law capable of being sued and/or because they are not persons for purposes of suit under Section 1983 as the statute and case law define that term."[18]  Accordingly, the claims against the Livingston Parish Detention Center should be dismissed with prejudice as legally frivolous.

### c. Plaintiff Should Not be Provided with Further Opportunities to Amend

"Ordinarily, a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed."[19]  "Granting leave to amend, however, is not required if the plaintiff has

---

[13] *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).
[14] R. Doc. 4.
[15] 42 U.S.C. § 1983 (emphasis added).
[16] *Id.*
[17] *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989).
[18] *Douglas v. Gusman*, 567 F.Supp.2d 877, 892 (E.D. La. 2008) (citing *United States ex rel. Arzonica v. Scheipe*, 474 F.2d 720, 721 (3rd Cir. 1973); *Cullen v. DuPage County*, No. 99-1296, 1999 WL 1212570, *1 (N.D. Ill. Dec. 14, 1999); *Whitley v. Westchester County Corr. Facility Admin.*, No. 97-0420(SS), 1997 WL 659100, at *6 (S.D.N.Y. Oct. 22, 1997); *Sponsler v. Berks County Prison*, No. 95–1136, 1995 WL 92370, at * 1 (E.D. Pa. 1995); *Powell v. Cook County Jail*, 814 F.Supp. 757, 758 (N.D. Ill. 1993)).
[19] *Wiggins v. Louisiana State University—Health Care Services Division*, 710 Fed. Appx. 625, 627 (5th Cir. 2017) (internal quotation marks omitted).

already pleaded her best case,"[20] and leave to amend is not required when an amendment would be futile, *i.e.*, "an amended complaint would still 'fail to survive a Rule 12(b)(6) motion.'"[21]

Here, Plaintiff has not pled any facts to indicate that any attempt at amending the claims herein would result in a nonfrivolous § 1983 claim, and any amendment consistent with the facts of this complaint would fail to state a claim.[22] Further, Plaintiff has already amended his complaint once, and the Court is not required to give Plaintiff unending leave to amend to attempt to state a claim.[23] Accordingly, this Complaint should be dismissed without further leave to amend.

### d. Exercise of Supplemental Jurisdiction Should be Declined

To the extent that Plaintiff seeks to have the Court exercise supplemental jurisdiction over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.[24] Having recommended that Plaintiff's federal claims be dismissed for failure to state a claim, it is further recommended that the exercise of supplemental jurisdiction be declined.

---

[20] *Id.*
[21] *See Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016) citing *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) quoting *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005).
[22] Plaintiff's claim regarding the conditions of his confinement with respect to the spilled food tray do not state a claim of constitutional dimension. *See Atkins v. Sheriff's Jail Avoyelles Parish*, 278 Fed.Appx. (5th Cir. 2008) (deliberate indifference claim with respect to water on ground that caused an inmate to slip and fall was frivolous because the claims only amounted to negligence). Further, the claim that he was not provided with "proper medical care" because he has not been transferred to a different facility does not state a claim of constitutional dimension; rather, this claim sounds in negligence or, perhaps, malpractice. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir.1991) (negligence, neglect, unsuccessful, treatment, or even medical malpractice do not give rise to a § 1983 cause of action).
[23] *See, e.g.*, *McDowell v. Our Lady of the Lake*, No. 19-569, 2019 WL 4916165 at n. 32 (M.D. La. Sept. 19, 2019); *Jackson v. United States Postal Service*, No. 19-568, 2019 WL 5587227, at n. 34 (M.D. La. Sept. 19, 2019); *Joseph v. People Ready*, No. 17-124, 2018 WL 5818346, *2 (M.D. La. Nov. 7, 2018).
[24] 28 U.S.C. § 1367.

## **RECOMMENDATION**

**IT IS RECOMMENDED** that this Court decline the exercise of supplemental jurisdiction over Plaintiff's potential state law claims, that Plaintiff's claims be **DISMISSED WITH PREJUDICE** as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A, and that this case be **CLOSED**.[25]

Signed in Baton Rouge, Louisiana, on August 12, 2021.

*[signature]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[25] Plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Should this Report and Recommendation be adopted, the Ruling in this matter will constitute a strike.